## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| BAYOU STEEL BD | § | Case No. 19-12153 (KBO) |
| HOLDINGS, LLC, *et al.* | § | |
| | § | Jointly Administered |
| | § | |
| Debtors.[1] | § | |
| | § | |
| _____ | § | |
| | § | |
| BANK OF AMERICA, N.A. | § | |
| | § | |
| Plaintiff, | § | |
| | § | Adv. Proc. No. _____ |
| v. | § | |
| | § | |
| BAYOU STEEL BD HOLDINGS, LLC; | § | |
| BD LAPLACE, LLC; | § | |
| TRINITY INDUSTRIES LEASING | § | |
| COMPANY | § | |
| | § | |
| Defendants. | § | |
| | § | |

## COMPLAINT FOR INTERPLEADER

Bank of America, N.A. ("Bank of America") files this Complaint for Interpleader (the "Complaint") and in support thereof, respectfully submits the following:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding to determine property of the estate pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C) and (O).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: Bayou Steel BD Holdings, LLC (1984), BD Bayou Steel Investment, L.L.C. (1222), and BD LaPlace, LLC (5783). The corporate headquarters address for all of the Debtors is 138 Highway 3217, La Place, LA 70068.

3.     The statutory and procedural grounds for the relief requested herein is Bankruptcy Rule 7022 and Rule 22 of the Federal Rules of Civil Procedure.

## PARTIES

4.     Plaintiff, Bank of America, is a national banking association with its principal place of business in Charlotte, North Carolina.

5.     On information and belief, Defendant, Bayou Steel BD Holdings, LLC ("Bayou Steel"), is a limited liability company organized under the laws of the State of Delaware and a debtor in the above-captioned bankruptcy proceedings that may be served pursuant to Rule 7004(b)(9) of the Federal Rules of Bankruptcy Procedure.

6.     On information and belief, Defendant, BD LaPlace, LLC ("BD LaPlace"), is a limited liability company organized under the laws of the State of Delaware and a debtor in the above-captioned bankruptcy proceedings that may be served pursuant to Rule 7004(b)(9) of the Federal Rules of Bankruptcy Procedure.

7.     On information and belief, Defendant, Trinity Industries Leasing Company ("Trinity Industries", together with Bayou Steel and BD LaPlace, collectively, the "Defendants"), is a corporation organized under the laws of the State of Delaware, and whose registered agent for service is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136 that may be served pursuant to Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

8.     On October 1, 2019 (the "Petition Date"), Bayou Steel and certain affiliated debtors (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") in the

Bankruptcy Court for the District of Delaware.  On October 3, 2019, the Court entered an order directing joint administration of Bayou Steel's bankruptcy cases (the "Cases"). [Docket No. 33].

9.      Debtor, BD LaPlace (the "Borrower"), as borrower, and Bayou Steel and BD Bayou Steel Investment, LLC, as guarantors, were parties to that certain Loan and Security Agreement dated as of April 4, 2016 (as amended, supplemented, or otherwise modified from time to time, the "Credit Agreement") with Bank of America in its capacity as administrative agent, lender and letter of credit issuer.  As of the Petition Date, Bank of America had issued letters of credit for the account of the various Debtors under the Credit Agreement in the face amount of $2.67 million (collectively, the "Letters of Credit") and had made loans to the Borrower.  The obligations under the Credit Agreement were secured by first priority liens over substantially all of the Debtors' assets.

10.      The Court authorized a sale of substantially all of the Debtors' assets on December 26, 2019 (the "Sale"). [Docket No. 371, the "Sale Order"].  The Debtors used the proceeds of the Sale to, among other things, pay off all obligations under the Credit Agreement, except for the outstanding Letters of Credit (the "Payoff").  In connection with the Sale, Bank of America issued a payoff letter on January 29, 2020 (the "Payoff Letter"), confirming the termination of existing loan documents and related obligations, with the exception of the Letters of Credit, and the release of its liens on the Debtors' assets being sold.  In connection with the Payoff and pursuant to the Sale Order, Bank of America retained cash collateral to secure the obligations under the Letters of Credit (the "L/C Cash Collateral").

11.      Pursuant to the Payoff Letter, upon termination or expiration of the Letters of Credit and reimbursement of all drawings under the Letters of Credit, the remaining L/C Cash

3

Collateral, after payment of all fees, must be returned to the Borrower or its successor as designated by the Court.

12.     On February 25, 2020 the Court entered an order converting the Cases to cases under chapter 7 of the Bankruptcy Code and appointing George L. Miller as the Chapter 7 Trustee (the "Trustee"). [Docket No. 479].

## A.     Trinity Industries L/C and L/C Cash Collateral

13.     One of the Letters of Credit issued by Bank of America was Letter of Credit # 68141241 dated May 21, 2018 (the "L/C") in the amount of $250,000.00 for the benefit of Trinity Industries and for the account of Bayou Steel.  The L/C had an original expiration date of May 21, 2019, which would extend automatically pursuant to its terms for additional one-year periods unless Bank of America notified Trinity Industries otherwise.  On January 8, 2020, Bank of America informed Trinity Industries in writing that it had elected not to extend the L/C for an additional one-year period and that the L/C would expire on May 21, 2020.

## B.     Trinity Industries' L/C Demand

14.     On May 12, 2020, Trinity Industries made a request to draw on the L/C (the "Draw Request").  Bank of America issued a discrepancy notice to Trinity Industries (the "Discrepancy Notification") on May 14, 2020 based on Trinity Industries' failure to comply with the terms of the L/C.  Specifically, Bank of America notified Trinity Industries that it had failed to present a Beneficiary Statement and a Form of Sight Draft with the Draw Request as required by the L/C.

15.     Bank of America did not receive a response to the Discrepancy Notification or an additional draw request from Trinity Industries until June 16, 2020.  The L/C expired pursuant to its terms on May 21, 2020.

4

16.     Trinity Industries disputes that the Draw Request failed to comply with the terms of the L/C and has demanded that Bank of America honor the Draw Request.

**C.      Trustee's Demand for L/C Cash Collateral**

17.     Bank of America currently holds $279,332.69 of L/C Cash Collateral that it received in connection with the Payoff.

18.     Based on Bank America's denial of the Draw Request and the expiration of the L/C, the Trustee seeks the return of the L/C Cash Collateral to the Debtors' estates.

**COUNT I:**
**COMPLAINT FOR INTERPLEADER**

19.     Bank of America incorporates herein by reference paragraphs 1-18 above.

20.     Federal Rule of Civil Procedure 22(a) allows a plaintiff to join parties with "claims that may expose a plaintiff to double or multiple liability" and require those parties to interplead.  F. R. Civ. P. 22(a).  Bankruptcy Rule 7022 explicitly states that "Rule 22(a) F. R. Civ. P. applies in adversary proceedings."  Fed. R. Bankr. P. 7022.  An adversary proceeding may be brought "to determine the validity, priority, or extent of a lien or other interest in property..." Fed. R. Bankr. P. 7001(2).

21.     The Trustee and Trinity Industries have both made claims against Bank of America with respect to the L/C and the L/C Cash Collateral.  The claims made by the Trustee and Trinity Industries are adverse and conflicting.  Bank of America is in the position of an innocent stakeholder faced with the possibility of incurring double or multiple liabilities and incidental costs with respect to the L/C and the L/C Cash Collateral.

22.     Bank of America is willing and able to deliver the L/C Cash Collateral to the entity properly entitled to receive it.

5

23.     Bank of America has filed this Complaint seeking interpleader for the L/C Cash Collateral to avoid incurring double or multiple liabilities and unnecessary suits, and all fees and expenses incidental to them, and requests the Court's assistance in adjudicating and determining the rights of the competing parties to the L/C Cash Collateral.

### COUNT II:
### ATTORNEYS FEES AND COSTS

24.     Bank of America incorporates herein by reference paragraphs 1-23 above

25.     Bank of America seeks to recover its reasonable attorneys' fees and costs incurred in connection with the L/C and the filing and prosecuting of this Complaint.   The Payoff Letter provides that any remaining L/C Cash Collateral, "after payment of all applicable fees," shall be returned to the Borrower or its successors.  Further, this Court has discretion to award Bank of America its reasonable attorneys' fees.  *See Gulf Oil Corporation v. Olivier*, 412 F.2d 938, 946 (5th Cir.1969) ("Though costs and attorneys' fees are ordinarily awarded to the disinterested stakeholder in an interpleader proceeding, the matter is ultimately vested within the sound discretion of the trial judge."); *See also Central Bank of Tampa v. United States*, 838 F.Supp. 564, 566 (M.D.Fla.1993) ("Clearly an award of costs and attorneys' fees to the disinterested stakeholder in an interpleader action is within the discretion of the trial judge.  Accordingly, Bank of America seeks reimbursement of all of its fees, costs and expenses, including, without limitation, its attorney's fees and expenses, incurred in connection with the L/C and this Complaint.

### REQUESTED RELIEF

WHEREFORE, Bank of America respectfully requests that the Court: (i) grant this Complaint for Interpleader and order the Registry of the Bankruptcy Court to accept the L/C Cash Collateral less the amount of Bank of America's fees, costs, and expenses; (ii) award Bank

of America its reasonable attorneys' fees and costs incurred in this proceeding; (iii) order that Bank of America be released and discharged from any further liability or obligations to the Defendants with respect to the L/C or the L/C Cash Collateral; and (iv) grant such other and further relief as is just and proper.

Dated:  January 29, 2021
      Wilmington, Delaware

By:  */s/ Robert C. Maddox*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Robert C. Maddox (No. 5356)
David T. Queroli (No. 6318)
One Rodney Square
920 N King St.
Wilmington, DE 19801
(302) 651-7700
Email:  collins@rlf.com
        maddox@rlf.com
        queroli@rlf.com

*Attorneys for Bank of America, N.A.*